IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LaRON PHILMORE, | : | 1:11-cv-828 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DEPUTY SUPERINTENDENT | : | |
| REBECCA HANNAH, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### March 13, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 40), filed on February 15, 2012, which recommends that Defendant's Motion to Dismiss (Doc. 33) be granted and that the complaint be dismissed. Objections to the R&R were due by March 5, 2012 and none have been filed to date. Accordingly, this matter is ripe for our disposition. For the reasons that follow, the R&R will be adopted in its entirety, the Motion to Dismiss shall be granted and this case shall be closed.

I.    **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

I.    **BACKGROUND**

*Pro se* Plaintiff LaRon Philmore ("Plaintiff" or "Philmore") filed this civil rights action on May 2, 2011. On May 24, 2011, we granted Philmore's request to proceed *in forma pauperis*, however we dismissed his initial *pro se* complaint, citing deficiencies in the pleading and directed him to file an amended complaint.

(Doc. 16).  Philmore filed an amended complaint on August 2, 2011.  (Doc. 26).  Upon a second screening, we dismissed all of the Defendants named in the amended complaint with one exception, and directed the amended complaint to be served upon Deputy Superintendent Hannah.[1]

On December 30, 2011, Defendant Hannah moved to dismiss Philmore's amended complaint.  (Doc. 33).  Philmore did not timely respond to the Motion.[2]  Philmore was then directed to respond to the Motion by February 3, 2012.  That Order stated, in clear and precise terms:

> IT IS HEREBY ORDERED THAT on or before Friday, February 3, 2012, Plaintiff shall show cause why Defendant Hannah's motion to dismiss should not be granted.  Any further failure of Plaintiff to respond in accordance with this order may result in Defendant Hanna's motion to dismiss being granted without further notice.

(Doc. 37).  Despite this Order, Philmore never responded to the Motion.[3]  Instead, Philmore simply sent the Court a letter complaining about new matters at SCI-

---

[1] Within the amended complaint, Philmore alleges that Defendant Hannah was a prison supervisor who failed to adequately address or investigate Philmore's grievances against other staff.

[2] It is well to note that Philmore was advised of his responsibilities as a *pro se* litigant at the outset of this lawsuit via our Standing Practice Order, which was issued on May 3, 2011.  This Order informed Philmore, *inter alia*, of his responsibility to respond to defense motions.

[3] In fact, the docket reflects that this Order was returned to the Clerk's Office as "Undeliverable-Inmate Refused, Return to Sender").  (Doc. 41).

3

Graterford, where he was being held. (Doc. 38). Thereafter, Magistrate Judge Carlson issued the instant R&R, recommending that the Motion be granted. As noted above, Philmore has not filed objections to the R&R. Accordingly, this matter is ripe for our review.

**II.    DISCUSSION**

As noted above, Magistrate Judge Carlson recommends that the Defendant's Motion to Dismiss be granted. First, Magistrate Judge Carlson notes that the Motion is unopposed, and pursuant to Local Rule 7.6, we can grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F. 2d 29, 30 (1991). Second, Magistrate Judge Carlson recommends that the case be dismissed pursuant to F.R.C.P. 41(b), which authorizes courts to dismiss cases based upon a plaintiff's failure to prosecute. Finally, Magistrate Judge Carlson recommends that Philmore's amended complaint be dismissed because it fails to state any claims upon which relief can be granted, specifically because Philmore's claims against Hannah are based upon *respondeat superior* liability, which does not give rise to a claim under 42 U.S.C. § 1983. *See Evancho v. Fisher*, 423 F. 3d 347, 353 (3d Cir. 2005). Furthermore, Magistrate Judge Carlson recognizes the precedent of *Alston v. Parker*, 363 F. 2d 229 (3d Cir.

2004) which permits *pro se* litigants the opportunity to amend before the complaint is dismissed in its entirety, however, he notes that granting leave to amend would be futile here because Philmore has declined to respond to court orders or otherwise litigate these claims.  Based on all fo the foregoing, Magistrate Judge Carlson recommends that the amended complaint be dismissed without further leave to amend.  We agree entirely with all of the Magistrate Judge's foregoing analysis.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  In fact, it appears that Plaintiff is currently refusing mail sent to him by this Court, further demonstrating that he has abandoned this action.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  Simply put, this Court cannot control its docket and properly protect the rights of all parties if the Plaintiff fails to comply with orders of this Court.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this documents, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.